**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT WILSON (A No. 244-691-870), | Case No. 1:26-cv-03723-JLT-EPG |
| Petitioner, | ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; |
| v. | GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND |
| WARDEN, CENTRAL VALLEY ANNEX, et al., | DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING |
| Respondents. | (Doc. 1) |

## I.      INTRODUCTION

Before the Court is Vincent Wilson's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the habeas petition (Doc. 1).

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL BACKGROUND

Petitioner is citizen of Haiti who entered the United States on or around August 30, 2024, where he was encountered by U.S. Border Patrol and released into the interior of the country.[1] (*See* Doc. 8-1 at 3.) DHS subsequently issued a Notice to Appear charging Petitioner as removable under INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (*Id*. at 6.) According to EOIR's Automated Case Information, Petitioner was ordered removed on May 19, 2026, but Petitioner filed a timely appeal on June 1, 2026, which remains pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 13, 2026). On August 21, 2025, Petitioner was arrested by local police for the destruction and/or harvest of palmetto berries without permission pursuant to Fla. Stat. Ann. § 581.189(6)(c). (Doc. 8-1 at 6, 13.) According to Petitioner, his brother-in-law submitted an affidavit in Petitioner's underlying criminal proceedings wherein he stated that he had added Petitioner to his harvesting permit and therefore believed Petitioner had authorization to collect palmetto berries alongside him. (Doc. 1 at 6.) On March 10, 2026, this arrest was "resolved through a misdemeanor disposition under Fla. Stat. [Ann.] § 581.211(1)(e)" after Petitioner "entered a plea of nolo contendere, adjudication was withheld, and no jail sentence was imposed." (Doc. 1 at 2; *see also* Doc. 8-1 at 13–14.) Upon his release from the Naples Jail Center in Collier County, Florida, ICE detained the Petitioner on March 10, 2026. (Doc. 8-1 at 7.) Petitioner was then transferred to the Central Valley Annex in McFarland, California, where he remains. (Doc. 1 at 2.)

### IV.   DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b).

---

[1] Though Petitioner does not explicitly state that he was encountered or released on parole, the I-213 indicates that Petitioner "was encountered by Border Patrol Agents at the Hidalgo Point of Entry on August 30, 2024, and was processed with a Notice to Appear pending a 240 hearing" (Doc. 8-1 at 6) and Petitioner "arrived with a scheduled . . . CBP One appointment." (*Id*. at 3.) As such, the Court concludes that Petitioner was apprehended upon entry into the United States and released into the interior of the country.

(Doc. 8 at 2.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's recent criminal conviction led immigration officials to detain him. (Doc. 8 at 1.) Considering Petitioner's recent arrest and conviction under Fla. Stat. Ann. § 581.211(1)(e), the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in

accordance with this order, Respondents are ordered to immediately release Petitioner.

3. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. The Clerk of Court is directed to serve the Central Valley Annex in McFarland, California with a copy of this order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  July 14, 2026

UNITED STATES DISTRICT JUDGE