**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT WILSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br><br>Respondents. | Case No. 1:26-cv-03723-JLT-EPG<br><br>A-Number: 244-691-870<br><br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGEMENT<br><br>(Doc. 15) |

On July 14, 2026, this Court entered judgment on Vincent Wilson's petition for a writ of habeas corpus. (Doc. 13.) The Court ordered Respondents to hold a constitutionally compliant bond hearing at which Respondents are to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id*. at 4.) On July 20, 2026, that hearing was held. (Doc. 28 at 2.) On August 3, 2026, Petitioner filed a motion to enforce the Court's judgment, seeking an order requiring his immediate release or, in the alternative, a new bond hearing. (Doc. 15.) Respondents did not substantively oppose the motion but submitted to the Court the audio of the July 20, 2026, bond hearing. (Doc. 17, Digital Audio Recording "DAR".) For the reasons set forth below, the motion is **DENIED**.

## I. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its

orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020). While district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

As a threshold matter, the Court waives the prudential exhaustion requirement in this case for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006); *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion for enforcement motion

challenging the legality of a bond hearing because of irreparable harm from prolonging the petitioner's already lengthy detention); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order). Such a waiver, however, does not expand the narrow scope of the Court's review: the Court will only determine whether the bond hearing was constitutionally adequate as required by its prior order, and not delve into areas of discretionary decisions made by the IJ. *See, infra*, Legal Standard.

**B. Adequacy of the Bond Hearing**

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the July 20, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order or that the IJ abused his discretion in such a way as to violate Petitioner's due process rights. Petitioner contends that, although the hearing occurred, IJ's ruling denying bond failed to comply with the Court's Order because the IJ (1) denied Petitioner's request to postpone the bond hearing to obtain counsel, (2) treated the hearing as a discretionary custody determination, and (3) incorrectly stated that Petitioner's parole expired on April 18, 2025.[1] (Doc. 15 at 6-7.)

The Court's prior order required the government to provide Petitioner with an individualized bond hearing before an immigration judge and notice of that individualized bond hearing. The government complied with that directive, as Petitioner received notice of the bond hearing on July 15, 2026. On July 20, 2026, well within the time prescribed by the Court,

---

[1] Attached to his motion to enforce, Petitioner produced a Form I-94 showing he was granted parole through August 29, 2026. (Doc. 15-2 at 1.) Petitioner's Form I-94 shows his class of admission is "DT" (*id*.), which is the code for humanitarian parole under § 1182(d)(5). *See Noori v. LaRose*, No. 25-CV-1824, 2025 WL 2800149, at *3 (S.D. Cal. Oct. 1, 2025). It is unclear from the current record on what basis the IJ determined that Petitioner's parole expired on April 18, 2025. However, the Court notes that the Department of Homeland Security revoked humanitarian parole for hundreds of thousands of Cubans, Haitians, Nicaraguans and Venezuelans beginning in March 2025. *Homeland Security revokes temporary status for 532,000 Cubans, Haitians, Nicaraguans and Venezuelans,* Associated Press (Mar. 21, 2025), https://apnews.com/article/immigration-humanitarian-parole-china-haiti-nicaragua-venezuela-c10f422939934cf8d1cf8a6f4dfc4610. As potentially relevant to Petitioner, the order applied to Haitians who came to the United States since October 2022 and were given two-year permits to live and work in the United States.

Petitioner appeared before an immigration judge, argued for release, and received an oral ruling denying bond. In short, the government provided the hearing as ordered. Though this Court's order specified that Petitioner has the right to be represented by counsel, Petitioner had not yet obtained counsel at the time of the bond hearing. As such, it was within the discretion of the IJ to deny Petitioner's request to postpone the bond hearing, particularly in light of the fact that Petitioner did not inform the IJ that he was trying to obtain counsel until after the hearing concluded and he was denied bond. (DAR 38:49 – 49:00.)

With respect to the legal framework governing the hearing, the IJ explicitly acknowledged at the outset of the bond hearing and her written order that Respondents had the burden of proof to show by clear and convincing evidence that Petitioner poses a danger to the community or flight risk. (DAR at 1:54 – 2:07.) The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

The Court finds no indication that "something is amiss" in either the IJ's oral or written decision. IJ's have broad discretion to consider a number of factors to determine whether the detainee merits release on bond. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include: fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id*. Here, the IJ applied the correct legal standard and considered proper factors in denying bond based on Petitioner's flight risk. Specifically, the IJ considered Petitioner's recent entry into the country, his lack of property and employment history in the United States, and the fact that his sole forms of relief (withholding of removal and protection under the Convention Against Torture) had already been denied. (Doc. 15-1 at 2.) The IJ also noted that Petitioner "engaged in criminal activity in the short amount of time he has been

in the United States." (*Id.*)

To the extent that Petitioner argues that the factual discrepancy in the record as to the date of his parole expiration "underscores why the Court cannot simply presume that Respondents complied with the constitutional framework," the Court finds that the record suggests otherwise. During the bond hearing, the IJ asked Petitioner the following question: "It looks like you were paroled in the United States until April 18, 2025, and yet you remained in the United States beyond that date, is that correct?" (DAR at 5:21 – 5:53.) Petitioner responded: "Yes." (*Id.*) Given that Petitioner did not correct the record when explicitly asked about remaining in the country beyond his parole expiration date, the Court finds that Petitioner fails to demonstrate prejudice. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) ("In order to prevail on a due process claim that he was denied a full and fair hearing, an alien must also show prejudice—that his rights were violated in a manner so as potentially to affect the outcome of the proceedings") (internal quotation marks and citation omitted).

Therefore, the IJ's decision denying bond was not an abuse of discretion, and there is no legal basis for the Court to find that Respondents failed to comply with its Order.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to reopen habeas proceedings enforce the Court's earlier order (Doc. 15) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: September 1, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE